UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CELERINO MENDEZ-REYES, | CASE NO. 2:26-cv-01983-JNW |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| BRUCE SCOTT, et al., | |
| Respondents. | |

This matter comes before the Court on Petitioner Celerino Mendez-Reyes's petition for a writ of habeas corpus. Dkt. No. 1. Mendez-Reyes challenges his bond denial and continued detention in immigration custody, arguing that the Immigration Judge's ("IJ") bond denial was constitutionally deficient. The Court GRANTS the petition for the reasons stated below.

## 1.  BACKGROUND

On April 29, 2026, the Honorable Tiffany M. Cartwright found that Mendez-Reyes was subject to discretionary detention under 8 U.S.C § 1226(a) and ordered Respondents to provide him a bond hearing within fourteen days of his request. *Mendez-Reyes v. Scott*, No. 2:26-CV-01145-TMC, 2026 WL 1162367, at *2 (W.D.

Wash. Apr. 29, 2026). On June 2, 2026, IJ Tammy Fitting denied Mendez-Reyes bond, finding that he posed a flight risk and a danger to the community based on his immigration and criminal history. Dkt. No. 4.  Mendez-Reyes reserved his right to appeal that denial to the Board of Immigration Appeals ("BIA"), but it is unclear if he did so. *Id.*

Mendez-Reyes is a 44-year-old citizen of Mexico, who entered the United States as a minor in 1997. Dkt. No. 1 at 5. After a voluntary removals in March 2006, he reentered the country at some point and has lived here ever since. *Id.* On or about September 24, 2025, ICE took him into custody without notice or a stated reason for his detention. *Id.*; Dkt. No. 8-1. Before his detention, he lived with his family—his wife and U.S. citizen children—in Oregon. *Id.* at 4. He owns a small business and has longstanding family and community ties to the United States. *Id.*

Mendez-Reyes's criminal history consists of a two arrests for driving under the influence in 2000 and 2017. Dkt. No. 8-1 at 6. There is no disposition on record for the 2000 arrest, and the 2017 arrest led to a diversion program. *Id.* He has had no contact with the criminal justice system since 2017. *Id.*

## 2.  LEGAL STANDARD

Federal courts can grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723,

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

## 3.  DISCUSSION

### 3.1    The Court has jurisdiction to review Mendez-Reyes's bond decision.

Federal courts have jurisdiction to review "bond hearing determinations for constitutional claims and legal error." *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011); *see Kharis v. Sessions*, Case No. 18-cv-04800-JST, 2018 WL 5809432 *4 (N.D. Cal. Nov. 6, 2018) (collecting cases). "The application of a statutory legal standard . . . to an established set of facts is a quintessential mixed question of law and fact," which is reviewable by courts. *Wilkinson v. Garland,* 601 U.S. 209, 212 (2024). A bond denial due to community danger or flight risk is such a mixed question, subject to judicial review by federal courts under an abuse of discretion standard. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024).

To the extent Respondents contend that 8 U.S.C. § 1226(e) bars review, this Court disagrees. Mendez-Reyes challenges whether the IJ provided him with a constitutionally adequate bond hearing—precisely the type of claim that § 1226(e) preserves for habeas review. *See id.* at 781–82.

**3.2    The Court waives the prudential exhaustion requirement.**

Respondents argue that Mendez-Reyes must exhaust his administrative remedies before the BIA. Dkt. No. 6 at 6–9. In immigration habeas cases, administrative exhaustion is prudential, not jurisdictional. *See W.T.M. v. Bondi*, No. 25-cv-2428, 2026 WL 262583, at *2 (W.D. Wash. Jan. 30, 2026) (citing *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017)). Prudential exhaustion is favored when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Even when the *Puga* factors are met, the Court may waive prudential exhaustion if: (i) the administrative remedies are "inadequate or not efficacious," (ii) "pursuit of administrative remedies would be a futile gesture," (iii) "irreparable injury" might result, or (iv) "the administrative proceedings would be void." *See Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000–01 (9th Cir. 2004)).

The *Puga* factors do not require exhaustion here. On the first factor, Mendez-Reyes raises a constitutional challenge to the adequacy of his bond hearing, a claim well suited for federal court review. *Singh*, 638 F.3d at 1203 n.3. Respondents counter that agency consideration is necessary because the BIA has "subject-matter expertise for individual immigration bond decisions." Dkt. No. 6 at 7. That may be

true, but whether, as a matter of law, these facts can sustain a finding of flight risk or danger needs no agency expertise.

On the second factor, this case raises discrete legal questions whose resolution will provide concrete guidance to the immigration court: whether decades-old immigration violations can support a flight-risk finding against overwhelming contrary equities, and whether old arrests for non-violent offenses that produced no convictions can sustain a danger finding. Answering them may head off future habeas petitions. *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1251 (W.D. Wash. 2025); *W.T.M.*, 2026 WL 262583, at *2.

On the third factor, Respondents argue that the BIA can review the evidentiary findings without the need for judicial review. But when the question is whether the hearing denied procedural due process, the Court sees no reason to delay review in the hope that the BIA might fix the error. *See Soriano v. Hernandez*, No. 2:26-cv-00900-DGE, 2026 WL 969764, at * 4 (W.D. Wash. Apr. 10, 2026).

Even if the *Puga* factors required exhaustion, the Court would waive it because irreparable injury would result. Government data reflects an average processing time of 204 days for BIA bond appeals. *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1307 (W.D. Wash. 2025). Mendez-Reyes has been detained since September 2025. He has two minor U.S. citizen children who live in a house shared with his U.S. citizen wife. Dkt. No. 8-2. Making him wait six months *or more* for BIA review would inflict the kind of harm that the bond hearing was designed to prevent—that is, prolonged detention without meaningful process. *See W.T.M.*, 2026 WL 262583, at *3; *Vasquez Lopez v. Hernandez*, — F. Supp. 3d —, No. C26-0775

TSZ, 2026 WL 984151, at *2 (W.D. Wash. Apr. 13, 2026); *Escalante Perez v. Hernandez*, C26-0956 TSZ, 2026 WL 1004559, at *2 (W.D. Wash. Apr. 14, 2026).

Accordingly, the Court waives any exhaustion requirement.

### 3.3    The IJ's bond denial was an abuse of discretion.

Habeas courts review an IJ's bond decisions for abuse of discretion. *Martinez*, 124 F.4th at 784–85. The Court may ask whether the IJ applied the correct legal standard; it may not reweigh the evidence. *Id.* at 785 (citing *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2017)); *Garcia Ortiz v. Henkey*, No. 1:26-cv-00043-BLW, 2026 WL 948275, at *4 (D. Idaho Apr. 7, 2026) (in reviewing discretionary bond determinations, federal district courts are "not required to countenance a sham").

In making bond determinations, IJ's consider the *Guerra* factors:

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States.

*In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). Numerous courts in this Circuit have found due process violations where IJ's abuse their discretion in bond determinations.[1]

Many of these factors strongly favor Mendez-Reyes. He has almost three decades of continuous, stable residence in the United States, a fixed address in Oregon, years of steady work as an ironworker, annual tax filings, strong professional and community ties, a wife and two U.S. citizen children. Dkt. No. 8-2. Nothing in the record shows that he has ever missed a court appearance or tried to flee prosecution or escape authorities. His application for Cancellation of Removal is currently on appeal, giving him a strong incentive to appear for future proceedings. *Id.*

Even so, the IJ denied bond, concluding that Mendez-Reyes (1) failed to meet his burden of proof and (2) posed a danger to the community and a flight risk based on his immigration and criminal history. Dkt. No. 4. The parties do not address the first basis for Mendez-Reyes's bond denial, regarding the burden of proof, so the Court does not reach that issue.

The IJ's flight risk finding cannot be sustained on this record. The IJ does not explain how Mendez-Reyes's prior unlawful entry, an event that occurred almost

---

[1] *See e.g.*, *W.T.M. v. Bondi*, No. 2:25-cv-02428-RAJ-BAT, 2026 WL 262583, at *3–4 (W.D. Wash. Jan. 30, 2026); *Soriano v. Hernandez*, 2026 WL 969764, at *4–6 (W.D. Wash. Apr. 10, 2026); *Zambrano-Vazquez v. Noem*, No. 26-cv-122-RSM, 2026 WL 657129, at *4 (W.D. Wash. Mar. 9, 2026); *Velasquez v. Bondi*, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *6–7 (S.D. Cal. Apr. 16, 2026); *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1004–05 (N.D. Cal. 2018); *Garcia v. Hyde*, 2025 WL 3466312, at *7–11 (D.R.I. Dec. 3, 2025); Garcia Ortiz, 2026 WL 948275, at *3–4.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 7

three decades ago when he was still a minor, informs his flight risk *today,* nearly 30 years later, in the face of overwhelming evidence of his deep ties to his community and family. *See Soriano*, 2026 WL 969764, at *5 ("[c]oncluding that an unlawful entry from 25 years ago, without any criminal history or any history of failing to appear, automatically weighs in favor of finding flight risk lacks any objective rationale."). Moreover, the IJ's reliance on Mendez-Reyes's lack of lawful status effectively equates unlawful status with being an automatic flight risk. But most individuals entitled to bond hearings under § 1226(a) lack lawful status, underscoring that this is not a valid basis for denying bond.

Mendez-Reyes's criminal history does not support bond denial either. The IJ found him dangerous based on a 2000 DUI arrest, with no disposition in the record, and a 2017 DUI arrest, which resulted in Mendez-Reyes's enrollment in a state diversion program. Dkt. No. 8-1 at 6. Although a noncitizen's criminal record is relevant in a bond assessment, "the recency and severity of the offenses must be considered." *Singh*, 638 F.3d at 1206. "'[E]vidence of criminal conduct grows less powerful as it becomes less current.'" *Aguirre-Urbina v. Wilcox,* C18-1743 TSZ, 2019 WL 2161644, at *1 (W.D. Wash. May 17, 2019) (citation omitted). And "not every criminal record would support a finding of dangerousness." *Singh*, 638 F.3d at 1206 (citing *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 949 (9th Cir. 2008)). Two arrests for non-violent offenses in 2000 and 2017, followed by nearly ten years of law-abiding conduct, cannot sustain a finding of dangerousness. The IJ's decision does not explain how these remote arrests outweigh the overwhelming evidence of Mendez-Reyes's good character and community ties. *See Ortega-Rangel,*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 8

313 F. Supp. 3d at 1004–05 (concluding IJ abused their discretion in denying bond based on pending criminal charge that, without more, did not serve as "probative and specific" evidence of criminal activity).

The IJ's bond denial does not rationally apply the governing legal standard and the facts and evidence here. The IJ's cited reasons for denying bond conflict with the record and do not stand on their own as a basis to deny bond, and they certainly do not outweigh the significant evidence in Mendez-Reyes's favor. *See Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (finding that the BIA abuses its discretion "when it fails to 'consider and address in its entirety the evidence submitted by petitioner'"). Simply acknowledging contrary evidence is not enough; the IJ must meaningfully engage with it. *See, e.g.*, *Miri v. Bondi,* No. 5:26-cv-00698-MEMF-MAR, 2026 WL 622302, at *8–9 (C.D. Cal. Mar. 5, 2026) (finding an abuse of discretion where an immigration judge did not explain the reasons for denying bond); *Vanessa Soto Gimenez, Petitioner, v. Julio Hernandez, et al., Respondents,* No. 2:26-cv-00966-GJL, 2026 WL 1156075, at * 8 (W.D. Wash. Apr. 29, 2026) (failure to engage with evidence and absence of articulated reasoning constitutes an abuse of discretion); *Garcia v. Hyde*, No. 25-cv-585-JJM-PAS, 2025 WL 3466312, at * 10 (D.R.I. Dec. 3, 2025) (abuse of discretion to disregard contrary evidence submitted by petitioner that his arrest warrant was inactive). No reasonable adjudicator could conclude on this record that Mendez-Reyes poses a flight risk or a danger to the community. The IJ's decision was an abuse of discretion, and Mendez-Reyes's continued detention violates due process.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 9

**3.4    The appropriate remedy is immediate release.**

Having found that the IJ abused her discretion, the Court must choose a remedy. "Federal courts have a fair amount of flexibility" in fashioning habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). Where, as here, a noncitizen detained under § 1226(a) is found not to be a flight risk or danger to the community, there is no lawful basis for continued detention. *See Vasquez Lopez*, 2026 WL 984151, at *4 (ordering immediate release where continued custody did not serve an immigration purpose after IJ abused their discretion in finding that petitioner posed a flight risk and danger to the community); *W.T.M.*, 2026 WL 262583, at *5 (ordering immediate release due to process violations in bond hearing); *Soriano*, 2026 WL 969764, at *6 (finding same). Accordingly, the Court orders Mendez-Reyes's immediate release.

## 4.    CONCLUSION

Accordingly, the Court ORDERS the following:

1.  The Petition for a Writ of Habeas Corpus is GRANTED. Dkt. No. 1.

2.  Respondents must release Petitioner from custody within TWENTY-FOUR (24) hours of this Order.

3.  Respondents must file a status report within FORTY-EIGHT (48) hours of this Order, confirming that Petitioner has been released from custody.

4.  Petitioner may not be re-detained without at least SEVEN (7) days' advance written notice and a pre-deprivation hearing before a neutral decisionmaker, unless probable cause exists for believing Petitioner has committed or is attempting to commit a criminal offense.

5. Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. See *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) (the Equal Access to Justice Act authorizes the award of attorney's fees to petitioners who prevail against the government in immigration habeas actions).

Dated this 20th day of July, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 11